## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANN MIKO, | |
| Plaintiff, | 8:14CV3188 |
| vs. | |
| LINCOLN FINANCIAL GROUP, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the court *sua sponte*. The plaintiff, then represented by counsel, filed this action on September 17, 2014. **See** Filing No. 1. On December 23, 2014, the plaintiff's counsel moved to withdraw, with the plaintiff's consent. **See** Filing No. 7. The court granted the motion to withdraw and noted that although the plaintiff was in the process of securing new counsel, she was proceeding pro se. **See** Filing No. 8. At that time, the court also extended the time allowed under the Federal Rules of Civil Procedure for the plaintiff to serve the defendant with the complaint and summons. *Id.* The plaintiff did not respond to the court's order.

On March 24, 2015, the court entered an order requiring the plaintiff to show cause why her action against the defendant should not be dismissed pursuant to NECivR 41.2 for failure to prosecute. There is no evidence in the record the plaintiff served process on the defendant in accordance with Federal Rule of Civil Procedure 4(m). The defendant has not entered an appearance or filed an answer in this matter. The plaintiff has not filed any additional documents with the court. The court warned the plaintiff that failure to complete service may result in the court dismissing the plaintiff's claims without further notice.

### ANALYSIS

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good

> cause for the failure, the court must extend the time for service for an appropriate period.

**See** Fed. R. Civ. P. 4(m). The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. **See *Roberts v. Missouri Div. Of Employment***, 636 F.2d 249, 250 (8th Cir. 1980). Dismissal without prejudice is appropriate when service of the summons and complaint has not been made upon the defendant within 120 days after filing of the complaint. **See** Fed. R. Civ. P. 4(m); ***Bullock v. United States***, 160 F.3d 441, 442 (8th Cir. 1998) (per curiam) (affirming district court's dismissal without prejudice under Rule 4(m)); **see also *Carmona v. Ross***, 376 F.3d 829, 830 (8th Cir. 2004) (dismissal affirmed where plaintiff given opportunity, failed to cure defect).

Despite proceeding pro se, it remains the plaintiff's duty to go forward in prosecuting the case. Pursuant to NECivR 41.2: "At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Further, Fed. R. Civ. P. 4(m) establishes a 120-day time limit for service of process on the defendant in a civil case, absent a showing of good cause. The court ordered the plaintiff to make a showing of her intent to proceed with this action or be subject to involuntary dismissal. The plaintiff did not respond to the court. The deadline for service of process expired. The plaintiff's failure to prosecute her claims subjects the plaintiff to dismissal of the complaint. **See** NECivR 41.2. Similarly, the plaintiff's failure to comply with this court's order subjects the plaintiff to dismissal of the complaint.

The Eighth Circuit explained the court's discretion to dismiss for failure to prosecute as follows:

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily."

2

*Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (citations omitted).  The Eighth Circuit continued, noting the district court did not err in dismissing the action with prejudice after finding the plaintiff had "engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules."  *Hunt*, 203 F.3d  at 527-28.  However, the Eighth Circuit has also noted "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint."  *In re Popkin & Stern*, 196 F.3d 933, 938 (8th Cir. 1999) (citations omitted); **see** *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009).  The court must initially consider "the egregiousness of the plaintiff's conduct" and, secondarily, "the adverse affect of the plaintiff's conduct on the defendant and on the administration of justice."  *Otis v. Knudsen*, No. 05-489, 2008 WL 4949157, at *3 (D. Minn. Nov. 17, 2008) (**quoting** *Wright v. Sargent*, 869 F.2d 1175, 1176 (8th Cir. 1989)).  Moreover, Federal Rule of Civil Procedure 16(f) authorizes sanctions "[i]f a party . . . (a) fails to appear at a scheduling or other pretrial conference; . . . or (c) fails to obey a scheduling or other pretrial order."  In such circumstances, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)" for sanctions.

In this case, the plaintiff has failed to serve the defendant.  The plaintiff has not been diligent in accomplishing service.  The deadline for service of process expired.  The plaintiff has failed to maintain communication with the court.  Such failure has already contributed to a delay in progressing this case to resolution.  The plaintiff failed to comply with the court's order.  The plaintiff has acted in a manner that interferes with the orderly processes of this court.  Further, the undersigned magistrate judge finds the plaintiff's failure to comply with the court's orders interferes with the orderly administration of justice.  Upon consideration,

**IT IS ORDERED:**

The Clerk of Court shall mail a copy of this Findings and Recommendation to the plaintiff at her last known address appearing in the record.

**IT IS RECOMMENDED TO SENIOR JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's complaint (Filing No. 1) be dismissed as to the defendant, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), NECivR 41.2, Fed. R. Civ. P. 37.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 1st day of May, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

4